UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KELLY SAIENNI,

    Plaintiff,

v.                                                Case No: 2:16-cv-717-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Kelly Saienni seeks judicial review of the denial of her claim for disability and disability insurance benefits ("DIB") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED**.[1]

### I.  Issues on Appeal[2]

Plaintiff raises three issues on appeal: (a) whether substantial evidence supports the administrative law judge's (ALJ's) determination of Plaintiff's residual functional capacity ("RFC"); (b) whether the ALJ presented a proper hypothetical to

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Docs. 19, 20.

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

the vocational expert ("VE"); and (c) whether the ALJ properly assessed Plaintiff's credibility.

## II. Summary of the ALJ's Decision

On May 15, 2015, the ALJ issued a decision finding Plaintiff not disabled from April 1, 2011, the alleged onset of disability, through the date of the decision. Tr. 34. At step one, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2015, and had not engaged in substantial gainful activity since April 1, 2011. Tr. 21. At step two, the ALJ determined that Plaintiff had the following severe impairments: rheumatoid arthritis, deep venous thrombosis, depression and anxiety. *Id.* At step three, the ALJ concluded that Plaintiff did not have "an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. The ALJ then determined that Plaintiff had the RFC to perform light work[3] with limitations. Tr. 24. Next, the ALJ found that Plaintiff was unable to perform any past relevant

---

[3] The regulations define light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

work. Tr. 32. Considering Plaintiff's age, education, work experience and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and therefore concluded she was not disabled. Tr. 33-34.

## III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[4] Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."

---

[4] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Green v. Soc. Sec. Admin., Comm'r*, — F. App'x —, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (declining to apply SSR 16-3p retroactively to the ALJ's decision); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

*Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

IV. **Discussion**

    a. *Whether substantial evidence supports the ALJ's determination of Plaintiff's RFC*

In her opinion, the ALJ determined that Plaintiff had the RFC to perform light work except:

> she can never climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, crouch, kneel, crawl [ ]; have frequent handling, that is gross manipulation with both hands; have frequent fingering, that is fine manipulation; occasional exposure to moving mechanical parts and unprotected heights; occasionally operate a motor vehicle; perform simple, routine, and repetitive tasks.

Tr. 24. Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC because it does not account for Plaintiff's cervical spine disorder and carpal tunnel syndrome. Doc. 17 at 6. In support of her position, Plaintiff refers to various medical evidence.

*Id.* at 7-10. The Commissioner responds that substantial evidence supports the ALJ's RFC findings. Doc. 18 at 10-16.

The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a). At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements. 20 C.F.R. § 404.1545(a). The claimant's age, education, work experience, and whether she can return to her past relevant work are considered in determining her RFC, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)), and the RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite her impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Here, as detailed below, the ALJ assessed Plaintiff's RFC based on the entire record. Tr. 24-32.

   i. <u>Plaintiff's cervical spine impairment</u>

Plaintiff points to an MRI of her cervical spine in 2013, which showed "[m]oderate-to-large right paracentral disc protrusion at C5-6 effacing the thecal sac anteriorly impinging on the cervical cord." Tr. 601. Based on the MRI, Sergio Luis Selva, M.D., opined that Plaintiff had "moderate-to-severe canal stenosis as well as mild right lateral recess stenosis." *Id.* Dr. Selva opined that this could account for

Plaintiff's symptoms. Tr. 601. Plaintiff also points to the records of a nurse practitioner supervised by Dr. Mahaney who examined Plaintiff and noted positive spurling signs on the right. Tr. 956-59. The unnamed nurse practitioner[5] stated that Plaintiff's pain pattern was explained by disc protrusions at C4-5, 5-6, and 6-7. *Id.*

The ALJ discussed Plaintiff's cervical spine problems at length in assessing Plaintiff's RFC. *See* Tr. 25-31. On one occasion discussed by the ALJ, Plaintiff presented to Lehigh Regional Medical Center for back pain in 2012, but exhibited no tenderness and had "normal gait, motor strength, and sensation and negative straight leg testing." Tr. 25 (citing Tr. 450-51). On that occasion, Plaintiff was discharged in stable condition on the same day with a diagnosis of muscle spasm. Tr. 25 (citing Tr. 449). The ALJ also discussed Dr. Selva's review of Plaintiff's MRI in 2013, and noted that "[u]pon examination, [Plaintiff] was noted to have cervical spine tenderness," however, "she had full strength of all extremities and intact sensation . . . and [was] discharged the same day in stable condition." Tr. 26 (citing Tr. 592-93, 598, 601). The ALJ further considered the records of Eshan M. Kibria, D.O., who found that Plaintiff had "tenderness and decreased range of motion of the cervical spine and decreased sensation in the right medial nerve territory, but otherwise, she had full range of motion of all other joints, full strength of all

---

[5] The Court notes that although the regulations have since changed, at the time when the ALJ made her decision, a nurse practitioner was not considered an acceptable medical source. 20 C.F.R. § 404.1513(d)(1) (2013).

extremities, normal grip strength, intact fine and gross manipulation, and negative straight leg raise testing." Tr. 27-28 (citing Tr. 474).

Based on Plaintiff's intact strength, the ALJ found that Plaintiff was capable of performing a range of light work, but that this range was limited because of her neck, hand, wrist, and extremity pain. Tr. 29. The Court finds that substantial evidence in the record supports the ALJ's findings. As the ALJ noted, although the record reveals that Plaintiff had tenderness and limited motion stemming from her cervical spine injuries, it also reveals that she maintained normal strength in her extremities and both fine and gross manipulation abilities. Tr. 29.

Plaintiff attempts to rebut the ALJ's findings by presenting contrary medical evidence. Doc. 17 at 7-9. The ALJ did not fail to consider this evidence; in fact, she explicitly noted and considered much of the evidence that Plaintiff argues weighs against the ALJ's findings, such as the opinion of Dr. Selva. Tr. 26 (citing Tr. 592-93, 598, 601). Nonetheless, the ALJ still found that Plaintiff had the RFC to perform light work with certain limitations. Tr. 24. By doing so, the ALJ properly exercised her discretion to weigh conflicting evidence, because "when there is credible evidence on both sides of an issue it is the Secretary, acting through the ALJ, and not the court, who is charged with the duty to weigh the evidence and to determine the case accordingly." *Powers*, 738 F.2d at 1152 (citing *Richardson*, 402 U.S. at 389-409). Thus, as noted, the Court will not overturn the ALJ's decision simply because, as Plaintiff argues, conflicting medical evidence exists, and the ALJ resolved the conflicts in the evidence of record. *Id.*; *Lacina*, 606 F. App'x at 525 (citing *Grant*, 445

F.2d at 656) ("It is 'solely the province of the Commissioner' to resolve conflicts in the evidence and assess the credibility of witnesses.").

To the extent that the ALJ did not explicitly discuss certain evidence noted by Plaintiff, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in h[er] decision, so long as the ALJ's decision, . . . is not a broad rejection which is not enough to enable [the Court] to conclude that the ALJ considered [Plaintiff's] medical condition as a whole." *Dyer*, 395 F.3d 1211 (alteration in the original) (citation and internal quotation marks omitted). Here, as noted in the Court's discussion above, the ALJ considered Plaintiff's medical condition as a whole, including evidence that Plaintiff argues contradicts the ALJ's findings. *See* Tr. 25-31. As long as substantial evidence supports the ALJ's decision, the Court must affirm, "even if the proof preponderates against it. [The Court] may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Dyer*, 395 F.3d 1210 (alteration in the original) (citations and internal quotation marks omitted). Accordingly, the Court finds that the ALJ properly assessed Plaintiff's RFC with regard to her cervical spine impairment.

  ii. <u>Plaintiff's carpal tunnel syndrome</u>

Plaintiff next directs the Court to the opinions of Ross M. Ufberg, M.D., who examined Plaintiff and found that she had "right carpal tunnel syndrome involving both motor and sensory fibers." Tr. 346. Dr. Ufberg cautioned Plaintiff that she was "likely to lose additional strength and function of her right hand" if she did not undergo surgery to release her carpal tunnel syndrome. *Id.* Plaintiff asserts that

the ALJ did not properly account for Plaintiff's carpal tunnel syndrome in assessing Plaintiff's RFC. Doc. 17 at 9.

To the contrary, the ALJ fully considered and accounted for Plaintiff's carpal tunnel syndrome in her RFC assessment. *See* Tr. 24-32. As an initial matter, the ALJ discussed at step two why Plaintiff's carpal tunnel syndrome was not a severe impairment. *See* Tr. 22. Specifically, the ALJ noted that plaintiff "had normal grip strength and intact fine and gross manipulation," and that she was "able to hold a cup, a pencil, and button and unbutton; open and open [sic] a door with both hands." Tr. 22 (citing Tr. 474). The ALJ then explained that in spite of her finding that Plaintiff's carpal tunnel syndrome is not a severe impairment, she accounted for Plaintiff's carpal tunnel syndrome in her RFC by limiting Plaintiff to "frequent handling, that is gross manipulation with both hands[,] and frequent fingering, that is fine manipulation." Tr. 22. The ALJ's RFC reflects exactly this, stating that "[b]ecause of [Plaintiff's] hand and wrist pain and swelling, I find that she can frequently handle and finger." Tr. 29. Moreover, the ALJ again discussed medical findings relevant to the Plaintiff's carpal tunnel syndrome in discussing her RFC assessment, noting that "[a]t the physical consultative examination, the claimant had decreased sensation of the right medial nerve territory; however, she had intact fine and gross manipulation and normal grip strength." Tr. 29 (citing Tr. 472-77).

The Court reiterates that to the extent that the ALJ did not explicitly discuss certain evidence noted by Plaintiff, the ALJ is not required to do so as long as the Court is able to determine that the ALJ considered Plaintiff's medical condition as a

whole. *Dyer*, 395 F.3d 1211. The Court is able to make that determination here. *See* Tr. 24-32. Accordingly, the Court finds that the ALJ properly assessed Plaintiff's RFC with regard to her carpal tunnel syndrome, and the ALJ's overall assessment of Plaintiff's RFC is supported by substantial evidence.

### b. *Whether the ALJ presented a proper hypothetical to the VE*

Plaintiff's next argument concerns the ALJ's statement that "there is evidence in the record that indicates that the [Plaintiff's] crutches are medically necessary." Tr. 30. Plaintiff contends that the ALJ's statement was intentional, and the ALJ thus erred in excluding any accommodations for crutches in her hypothetical to the VE and subsequently in Plaintiff's RFC, while the Commissioner argues that this was nothing more than a scrivener's error. *Compare* Doc. 17 at 11 *with* Doc. 18 at 17.

"[I]n order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question to the vocational expert which comprises all of the claimant's impairments." *Phillips*, 357 F.3d at 1240 n.7 (quotation marks omitted). "The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant." *Ingram*, 496 F.3d at 1270 (citation and quotation marks omitted). While an ALJ's hypothetical question must take into account all of a claimant's impairments, *Wilson*, 284 F.3d at 1227, the question need not include impairments that the ALJ has properly determined to be unsupported by the evidence in the record. *Crawford*, 363 F.3d at 1161.

Here, the ALJ properly determined that Plaintiff's alleged need for crutches was unsupported by evidence in the record and excluded it from her hypothetical to

the VE. *See id.* The Court has reviewed the ALJ's opinion and finds that there is a scrivener's error in the ALJ's opinion, which is harmless error.

In context, the ALJ made the following statement:

> The claimant also testified that she had increased right knee pain and swelling and needed crutches to ambulate. However, as mentioned above, in February 2015, the claimant's neurologist noted that the claimant had no tenderness or swelling of her knees and she had normal range of motion. *Furthermore, there is evidence in the record that indicates that the crutches are medically necessary.* The claimant reported that she experiences rheumatoid arthritis flare-ups; however, the record does not show that she is so limited.

Tr. 29-30 (emphasis added). Plaintiff argues that because the ALJ stated that there is evidence to support Plaintiff's need for crutches, the ALJ's RFC assessment, based on a hypothetical to the VE which did not include the use of crutches, was erroneous and must be reversed. Doc. 17 at 10-12. The Commission asserts, and the Court agrees, that the sentence highlighted above contained a scrivener's error, in that it omitted the word "no" and should read: "Furthermore, there is *no* evidence in the record that indicates that the crutches are medically necessary." Doc. 18 at 17. This reading is consistent with the remainder of the ALJ's opinion and the hypothetical to the VE.

Disregarding the scrivener's error, the decision of the ALJ is supported by substantial evidence, and Plaintiff's substantial rights were not affected. Thus, the Court finds the error to be harmless. As one court has noted:

> The Commissioner's decision is subject to harmless error review. *See, e.g., Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983) (applying the harmless error rule in a social security case); *see also* Fed.R.Civ.P. 61. The purpose of the harmless error rule is to avoid the waste of time and preserve judicial resources. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). If an error did not effect a party's substantial rights,

- 11 -

then the error is harmless and should be disregarded. *See id.*; *see generally McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553–54, 104 S.Ct. 845, 848–49 (1984).

*Armstrong v. Colvin*, No. 6:11-CV-4172-VEH, 2013 WL 1180305, at *3 (N.D. Ala. Mar. 18, 2013). Accordingly, the Court finds that the ALJ made a scrivener's error that is harmless and should be disregarded, and the ALJ posed a proper hypothetical to the VE.

### c. *Whether the ALJ properly assessed Plaintiff's credibility*

Plaintiff finally argues that the ALJ improperly discounted Plaintiff's testimony regarding her subjective pain. Doc. 17 at 13-14. The Commissioner responds that the ALJ thoroughly discussed the evidence in the record and her reasons for discounting Plaintiff's subjective complaints. *Id.*

The Eleventh Circuit has long recognized that "credibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). If the objective medical evidence does not confirm the severity of the alleged symptoms but indicates that the claimant's impairments could reasonably be expected to produce some degree of pain and other symptoms, the ALJ must evaluate the intensity and persistence of a claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c)(1); *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002); *Foote*, 67 F.3d at 1561. The ALJ compares the claimant's statements with the objective medical evidence, the claimant's daily activities, treatment and medications

received, and other factors concerning limitations and restrictions the symptoms cause. *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Here, the Court finds that the ALJ properly considered and evaluated Plaintiff's testimony regarding the effects of her alleged symptoms on her activities. Based on the requirements of 20 C.F.R. § 404.1529, the ALJ considered Plaintiff's symptoms and the extent to which the symptoms reasonably can be accepted as consistent with the objective medical and other evidence. Tr. 25-32. Properly discussing the standard and the medical evidence, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Tr. 25.

The ALJ explained:

[Plaintiff's] allegations are not fully credible based upon their inconsistency with the objective medical evidence. [Plaintiff] testified that she is unable to work because of neck, right knee, and bilateral hand pain. However, progress notes from [Plaintiff's] rheumatologist in December 2014 and February 2015 show that [Plaintiff] had no tenderness or swelling of the shoulders, elbows, wrists, or knees and she had normal range of motion. Records from Florida Cancer Specialist also show that the [Plaintiff] was doing well. At the physical consultative examination, [Plaintiff] had decreased sensation of the right medial nerve territory; however, she had intact fine and gross manipulation and normal grip strength. [Plaintiff] also testified that she had increased right knee pain and swelling and needed crutches to ambulate. However, as mentioned above, in February 2015, [Plaintiff's] neurologist noted that the [Plaintiff] had no tenderness or swelling of her knees and she had normal range of motion. . . . [Plaintiff] reported that she experiences rheumatoid arthritis flare-ups; however, the record does not show that she is so limited. For instance, in April 2014, she exhibited normal muscle tone and coordination. In

September 2014, it was noted that [Plaintiff] looked relatively well and had normal range of motion of the cervical spine. In November 2014, [Plaintiff] was noted to have normal range of motion and strength, and no edema or tenderness. In February 2015, [Plaintiff] reported that she had no limitations in her activities of daily living. The record also shows that prednisone has helped her symptoms.

Tr. 29-30 (internal citations omitted).

"If the ALJ discredits subjective testimony, [s]he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). "The question is not . . . whether the ALJ could have reasonably credited [a claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). "A clearly articulated credibility finding with supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562. Here, the Court finds that the ALJ clearly articulated the reasons for her credibility findings. Tr. 25-32. Based on the above reasoning, the Court finds that the ALJ properly discounted Plaintiff's subjective complaints and testimony.

## V. Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and her determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record